## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:23mj28 |
| | ) | |
| **KRYSTLE RUIZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION

Defendant Krystle Ruiz pled guilty to two Virginia misdemeanor offenses assimilated under the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, including Driving Under the Influence ("DUI"). At sentencing, and among other terms of punishment, the Court imposed a $250 fine—the mandatory minimum under the assimilated Virginia DUI statute. Defendant now moves the Court to modify her sentence by striking the fine, a result she contends is required to correct clear error. Because the ACA requires the imposition of a mandatory minimum fine dictated by state law, the Court finds no clear error in Defendant's sentence.

Under Fourth Circuit precedent, the Court is bound by the minimum and maximum terms of state sentencing laws for assimilated crimes and must apply federal sentencing guidelines in imposing punishment *within those bounds*. Specifically, the Fourth Circuit has stated that "the 'like punishment' requirement of the [ACA] mandates that federal court sentences for assimilated crimes must fall within the minimum and maximum terms established by state law, and that within this range of discretion federal judges should apply the U.S. Sentencing Guidelines Manual to the extent possible." *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990).

For these reasons and as further explained below, the Court did not clearly err in imposing a fine of $250, which was the mandatory minimum fine (and below the federal advisory guideline range) for Defendant's assimilated DUI conviction. Therefore, it denies Defendant's Motion to Modify Sentence Imposed Regarding Fine. (ECF No. 3.)

## I. PROCEDURAL HISTORY

On April 11, 2023, the United States filed a four-count Criminal Information charging Defendant with: (1) Open Container, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-323.1; (2) Reckless Driving, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 46.2-852; (3) Eluding Police, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 46.2-817; and (4) DUI, first offense, in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-266. (ECF No. 1.) Each count stemmed from Defendant's conduct at the Fort Lee Military Installation, property administered by the Department of Defense, within the special territorial jurisdiction of the United States, and within the Eastern District of Virginia. (Id.)

On April 18, 2023, Defendant appeared before the Court for an initial appearance and arraignment. Defendant waived her right to trial, judgment, and sentencing by a United States District Court, consented to magistrate jurisdiction, waived her right to a jury trial, and waived her right to continue the matter. (ECF No. 6.) That same day, Defendant pled guilty to Counts Three (Eluding Police) and Four (DUI), and the Court granted the Government's motion to dismiss the remaining Counts One and Two. (ECF No. 7.)

The parties jointly recommended that the Court impose the following sentence: (1) 12 months' probation; (2) 12 months' participation in an ignition interlock program; (3) participation and completion of VASAP or an equivalent program approved by probation; and (4) a $35 special assessment ($10 for Count Three and $25 for Count Four). The joint recommendation did not

include any imposition of a fine.  The Court advised the parties, before both the plea and sentencing, that it interpreted Virginia's DUI statute as including a mandatory minimum fine of $250, binding on the Court under the ACA.  Although the Court offered to continue the sentencing hearing to provide the parties an opportunity to brief this issue, the parties decided to move forward with sentencing, with Defendant reserving the right to move under Federal Rule of Criminal Procedure 35(a) for a correction of any clear error in sentencing.

That same day, on April 18, 2023, the Court imposed the following sentence:  (1) a $10 special assessment on Count Three (Eluding Police) to be paid within 60 days; (2) 12 months' probation on Count Four (DUI); (3) a $250 fine on Count Four (DUI) to be paid before the expiration of the 12-month term of probation; and (4) a $25 special assessment on Count Four (DUI) to be paid within 60 days.  (ECF Nos. 4, 7.)  Although the advisory sentencing guideline range recommended a minimum fine of $500, the Court imposed the $250 mandatory minimum instead based on Defendant's financial resources and inability to pay.

Defendant filed her Motion to Modify Sentence Imposed Regarding Fine shortly after the sentencing hearing.  (ECF No. 3.)  Consistent with the position she took at sentencing, Defendant contends that the mandatory minimum fines in Virginia's DUI statutes do not bind the Court.  (Id. at ¶ 2.)  She argues it was clear error for the Court to think otherwise and asks the Court to modify the sentence by removing the fine.  (Id.)  The Government opposes the requested modification (ECF No. 11), and Defendant submitted a reply brief in support of her motion (ECF No. 12). Briefing is complete, and this matter is ripe for disposition.

## II.  STANDARD OF REVIEW

Under Rule 35(a) of the Federal Rules of Criminal Procedure, "[w]ithin 14 days after sentencing, the Court may correct a sentence that resulted from arithmetical, technical, or other

clear error." Fed. R. Crim. P. 35(a).  If the Court does not act within that 14-day period to correct a sentence, it loses jurisdiction to do so.  *United States v. Smith*, 631 F. App'x 181, 182 (4th Cir. 2016) (quoting *United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005)) (describing Rule 35(a) as "'establish[ing] a [14]-day jurisdictional limit'") (second alteration in original).  The rule defines "sentencing" to mean "the oral announcement of the sentence."  Fed. R. Crim. P. 35(c).  Therefore, Defendant properly filed her motion immediately following the sentencing hearing even though she did so before entry of the Judgment.  *United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997).  The Court has jurisdiction to consider the motion to modify through May 2, 2023, 14 days following the April 18, 2023 oral announcement of the sentence.

As Defendant acknowledges (ECF No. 3, at ¶ 3), "'[t]he authority to correct a sentence under [Rule 35(a)] was intended to be very narrow and to extend only to those cases in which an obvious error or mistake had occurred . . . .'"  *Shank*, 395 F.3d at 468 (quoting Fed. R. Crim. P. 35 advisory committee's note on 1991 amendments).  Clear error "requires some reversible error at the initial sentencing."  *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009).  Therefore, Rule 35(a) relief "extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court."  *United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993).

### III.  ANALYSIS

The ACA provides in relevant part:

> Whoever within or upon [federal property] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place

4

>is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and *subject to like punishment*.

18 U.S.C. § 13(a) (emphasis added).

Under Virginia's DUI law, the assimilated crime at issue here, a first offense DUI is a misdemeanor punishable by up to 12 months in jail and a maximum $2,500 fine. Va. Code. Ann. §§ 18.2-11(a), 18.2-270(A). Virginia statute, however, also imposes a "mandatory minimum fine of $250" for first offense DUIs. Va. Code. Ann. § 18.2-270(A). The question raised by Defendant's motion is whether "like punishment" under the ACA requires the Court to impose the mandatory minimum fine. Based on Fourth Circuit precedent and prior decisions in this District, the Court answers that question in the affirmative.

The ACA does "not contemplate selective incorporation of state criminal law." *United States v. Kelly*, 989 F.2d 162, 164 (4th Cir. 1993) (internal quotations and citations omitted). Instead, the ACA requires federal courts to assimilate state offenses and punishments unless doing so conflicts with a federal policy. *United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996). "The areas which have been found to conflict with federal policy so as not to warrant assimilation have, for the most part, involved matters pertaining to parole, probation, good time credits, and special assessment." *United States v. Mason*, 2009 U.S. Dist. LEXIS 3225, at *10 (E.D. Va. Jan. 15, 2009) (internal quotations and citations omitted). In other words, "[t]he Act assimilates for federal prosecutions a state's substantive law, such as the elements of a crime and terms of punishment, but generally does not use state procedural law or rules of evidence." *United States v. Jacobs*, 815 F. Supp. 898, 899 n.1 (D.S.C. 1993) (citing *United States v. Price*, 812 F.2d 174, 175 (4th Cir. 1958)).

Defendant argues that Virginia's mandatory minimum fine conflicts with federal policy governing imposition of fines. (ECF No. 3, at ¶¶ 6-11.) Specifically, she contends that federal

5

law sets forth a schedule of fines, which do not require any minimum fine, and a requirement that the Court consider a person's ability to pay prior to imposing any fine. (*See, e.g.*, Id. ¶¶ 6, 9, (citing 18 U.S.C. §§ 3571, 3572(a))). However, to avoid assimilation, any asserted conflict between the state statute and federal sentencing policy must be direct. *United States v. Clark*, 361 F. Supp. 2d 502, 507 (E.D. Va. 2005). Here, the mandatory minimum fine in Virginia's DUI statute does not *directly* conflict with federal sentencing policy and is therefore assimilated.

True, federal law sets forth maximum fines that may be imposed for each offense class. 18 U.S.C. § 3571. Additionally, by federal statute, the Court must consider various factors, including ability to pay, in determining whether to impose a fine and the amount, time for payment, and method of payment. *Id.* § 3572. The Sentencing Guidelines also allow a federal court to impose a lesser fine or waive a fine based on a defendant's inability to pay. *See* U.S.S.G. § 5E1.2(e); *United States v. Jackson*, 62 F. Supp. 3d 509, 514-15 (E.D. Va. 2014). However, neither those laws nor the Sentencing Guidelines prohibit the application of a mandatory minimum fine. Simply because federal sentencing policy establishes maximum fines for various classes of offenses and outlines factors for consideration in determining the amount of any fine does not mean that "federal courts may disregard a mandatory minimum sentence . . . under an assimilated state statute." *Clark*, 361 F. Supp. 2d at 507.

Moreover, under Fourth Circuit precedent, state law "provide[s] the mandatory maximum or minimum sentence" for assimilated crimes, and "the federal sentencing guidelines determine the sentence within these limits." *Pierce*, 75 F.3d at 176 (quoting *United States v. Harris*, 27 F.3d 111, 115 (4th Cir. 1994)). Consistent with that framework, many decisions from this Court have found that the ACA requires the Court to impose mandatory minimum sentences called for under state law.

6

This Court has described the "maximum and minimum mandatory sentences, as defined by the applicable state law" under assimilated crimes as "*fixed guideposts* for federal district courts to consider during sentencing." *Mason*, 2009 U.S. Dist. LEXIS 3225, at *3-4 (quoting *Harris*, 27 F.3d at 115) (emphasis added). In other words, "the ACA mandates that federal court sentences for assimilated crimes '*must fall within the minimum and maximum terms established by state law*, and that within this range of discretion federal judges should apply the Sentencing Guidelines to the extent possible.'" *Id.* (quoting *Young*, 916 F.2d at 150) (emphasis in original).

Similarly, in another decision, this Court has explained the sentencing process under an assimilated crime as follows:

> First, when a state sentencing law calls for a mandatory minimum sentence, this Court must impose that mandatory minimum. *United States v. Harris*, 27 F.3d 111, 115 (4th Cir. 1994). The maximum and minimum mandatory sentences as defined by the state law are *fixed parameters* for the federal courts. *Id.* at 115. However, "[a] federal judge, like his state counterpart, has discretion to impose a sentence *within the state statutory limits*." *Id.* (emphasis added). *See also United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996).

*United States v. Montigue*, 357 F. Supp. 2d 939, 941 (E.D. Va. 2005) (first emphasis added and second emphasis in original).

In *Montigue*,[1] the Court found that "federal sentencing policy and law, as a matter of congressionally-mandated policy, must be applied, but, in addition, the state statute is assimilated and dictates the minimum and maximum statutory terms of confinement *or fines*." *Montigue*, 357 F. Supp. 2d at 943 (emphasis added). In that case, the Court imposed a mandatory minimum fine of $1,000, comprised of a mandatory minimum fine of $500 under Virginia law for driving with a

---

[1] Defendant labels the *Montigue* decision as "not precedential" because it dealt with mandatory minimum terms of confinement rather than mandatory minimum fines. (ECF No. 12, at 2.) But the Court finds this decision to be both persuasive and on point in establishing the framework for sentencing under assimilated crimes.

7

blood alcohol level in excess of 0.20 grams per 210 liters of breath and another $500 for previously having been convicted of driving under the influence of alcohol within the past ten years. *Id.* at 940, 943. And in outlining the penalties, the Court acknowledged that it "*must* impose" the mandatory minimums outlined by Virginia statute, both in terms of confinement (imprisonment) and fines. *Id.* at 940.

As another example, in *Clark*, the Court considered whether a magistrate judge erred in declining to impose a mandatory minimum term of imprisonment under Virginia's DUI statute. *Clark*, 361 F. Supp. 2d 502 (E.D. Va. 2005). Because the defendant had a prior conviction for DUI, he faced "a mandatory minimum fine of $500" and a mandatory minimum sentence of twenty days of confinement in jail. *Id.* at 504. Although the magistrate judge imposed the fine of $500, the judge declined to impose the mandatory minimum term of confinement. *Id.* at 504-05. According to the district judge, "[t]he primary issue for decision is whether the ACA's directive to impose a 'like punishment' requires a sentencing judge to comply with the mandatory minimum sentence imposed by an assimilated statute." *Id.* at 505. After considering "settled law in this Circuit," the Court answered: "It does." *Id.* at 505, 506. In other words, the Court found that "federal courts are confined by the minimum and maximum allowable punishments contained in an assimilated statute." *Id.* at 506.

As a final example, in *United States v. Jacobs*, 815 F. Supp. 898 (D.S.C. 1993), the court also found that it was bound to impose a mandatory minimum fine under an assimilated state DUI statute. In that case, the Government appealed a magistrate judge's decision not to impose a mandatory minimum fine for a second offense DUI under a South Carolina law, S.C. Code §§ 56-5-2930, 56-5-2940(2), assimilated by 18 U.S.C. § 13. *Id.* at 899. "Although the state statute pursuant to which [the defendant] was sentenced requires a fine of at least $1,000, the magistrate

8

judge, pursuant to the [United States Sentencing] Guidelines, determined that [the defendant] had no ability to pay and imposed no fine." *Id.* at 899. The Government appealed, arguing that "in imposing sentences for violations of state law which are encompassed by the [ACA], federal courts are bound by the minimum and maximum fines provided by the pertinent state statute." *Id.* at 900. The district judge found that the magistrate judge erred in failing to impose the mandatory minimum fine required by the state's DUI law. *Id.* at 899.[2] The court explained that the Fourth Circuit, through the *Young* decision, requires that "'sentences for assimilated crimes must fall within the minimum and maximum terms established by state law, and that within this range of discretion federal judges should apply the U.S. Sentencing Guidelines Manual to the extent possible.'" *Id.* at 900 (quoting *Young*, 916 F.2d at 150). The court expressly found that the reasoning in *Young* extends to mandatory minimum fines:

> The Court, therefore, finds that under South Carolina law, a defendant convicted of second offense DUI must be fined at least $1,000. Pursuant to the [ACA] and the Fourth Circuit's decision in *Young*, the magistrate judge should have imposed a fine of at least $1,000 upon [the defendant]. The Court, therefore, finds that the magistrate judge erred in deciding to impose no fine upon [the defendant].

*Id.* at 901.[3]

These cases show that the Court's imposition of a $250 fine as the mandatory minimum fine did *not* constitute clear error. Thus, Defendant is not entitled to relief under Rule 35(a). The Court properly imposed the mandatory minimum fine, and declined to impose a higher, within

---

[2] Defendant argues that *Jacobs* is "unpersuasive" because the "court did not identify or discuss the conflict between a state's minimum fine with the federal sentencing policy set forth in 18 U.S.C. § 3572(a)." (ECF No. 12, at 2 n.1.) The Court disagrees. The *Jacobs* decision found that the magistrate judge erred in declining to impose a mandatory minimum fine under state law based on the defendant's "ability to pay" under federal sentencing guidelines. *Jacobs*, 815 F. Supp. at 899-900.

[3] Even though the district court found "plain error" in the magistrate judge's failure to impose the mandatory minimum fine, it affirmed the sentence based on the Government's failure to object during the sentencing hearing. *Id.* at 899, 902.

guideline fine, based on federal sentencing policy and Defendant's inability to pay. For these reasons, there is no clear error for the Court to correct in its sentence, and the Court denies Defendant's motion for relief under Federal Rule of Criminal Procedure 35(a).

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Modify Sentence Imposed Regarding Fine.  (ECF No. 3.)  An Order shall follow.

April 27, 2023  
Richmond, Virginia

/s/  
Summer L. Speight  
United States Magistrate Judge