IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 3:23CR57 (RCY) |
| KRYSTLE RUIZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Affirming Defendant's Sentence)**

This matter is before the Court on appeal from the magistrate judge. On April 18, 2023, Defendant Krystle Ruiz pled guilty to driving under the influence of alcohol ("DUI") on the property of United States Army Garrison Fort Lee.[1] Defendant made a timely motion to modify sentence pursuant to Federal Rule of Criminal Procedure 35(a), which the magistrate judge denied. *See* Order, ECF No. 14. Defendant filed Notice of Appeal on May 2, 2023, ECF No. 15, and all parties filed memoranda supporting their respective positions.

Defendant's appeal challenges the magistrate judge's[2] imposition of a $250 fine (based on the mandatory minimum penalty under the assimilated Virginia DUI statute, Virginia Code § 18.2-266) without first considering the factors set forth in 18 U.S.C. § 3572(a).

---

[1] Fort Lee was re-designated Fort Gregg-Adams on April 27, 2023, but the Court retains the designation in place when the Defendant committed the underlying offense and was sentenced. Fort Lee is a military installation administered by the Department of Defense and within the special territorial jurisdiction of the United States.

[2] In her Opening Brief and, to a lesser extent, in the Reply as well, Defendant Ruiz repeatedly refers to Judge Speight as "the magistrate" in some instances and "the magistrate judge" in others. *See generally* ECF Nos. 19, 22. The title magistrate no longer exists in the U.S. Courts system, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, A Judge by Any Other Name? Mistitling of the United States Magistrate Judge, 9 Fed. Courts L. Rev. 1, 5-6 (2015). Accordingly, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the type of judge to which one is referring. The Court notes that the case law also sometimes uses the term "magistrate," either properly (perhaps because some cases involve "magistrates" as defined under pertinent state law, or because the case law predates the 1990 change in title) or just out of carelessness in reference to federal magistrate judges. In the latter case, it is the equivalent of calling a district judge "district," a

For the reasons that follow, the Court finds that imposition of the state law mandatory minimum fine was not error, and the ultimate sentence was reasonable. The Court therefore affirms the judgment of the magistrate judge.

## I. STANDARD OF REVIEW

A federal district court has jurisdiction to review an appeal of a sentence imposed by a United States magistrate judge that "was imposed in violation of the law." 18 U.S.C. § 3742(b)(1). The sentence is scrutinized under the same standard that an appellate court would apply to a sentence imposed by a federal district court. *See* Fed. R. Crim. P. 58(g)(2)(D); *United States v. Twinn*, 369 F. Supp. 2d 721, 723 (E.D. Va. 2005) (citing *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997)).

As would the Fourth Circuit, this Court "review[s] [ACA] sentences for which the Sentencing Guidelines provide a recommended sentence for 'reasonableness,'" whereas sentences for which there is no recommended sentencing guideline are reviewed "for whether the sentence was 'plainly unreasonable.'" *United States v. Finley*, 531 F.3d 288, 291 (4th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 594 (2007)). In the instant case, the Defendant was sentenced, in relevant part, on the basis of 18 U.S.C. § 13, assimilating Virginia Code § 18.2-266 (the "Virginia DUI Statute"). The parties agreed in court that there is an applicable, analogous guideline from which to derive a recommended federal offense guideline; specifically, the offense falls within federal Class A misdemeanor guidelines and is therefore governed by United States Sentencing Commission Guidelines ("U.S.S.G.") § 2X5.2. Accordingly, the sentence at bar, imposed pursuant to the Guidelines, is subject to "reasonableness" review. *Id.*

---

bankruptcy judge "bankruptcy," a circuit judge "circuit." Thus, the correct salutation and title reference is either "magistrate judge" or simply "judge." *See* 28 U.S.C. § 631.

A sentence may be unreasonable either procedurally or substantively. *See id*. (quoting and applying *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)). "In determining procedural reasonableness, we must assess whether the district court failed to consider the § 3553(a) factors and any arguments presented by the parties, selected a sentence based on 'clearly erroneous facts,' or failed to sufficiently explain the sentence." *United States v. Goode*, 309 F. App'x 693, 695 (4th Cir. 2009) (citing *Gall*, 128 S. Ct. at 597; *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)). Next, in "review[ing] the substantive reasonableness of the sentence, [the Court must] tak[e] into account the totality of the circumstances." *Id*. (internal quotations omitted) (quoting *Pauley*, 511 F.3d at 473). "On review, [the district court] will not evaluate the adequacy of the [magistrate judge]'s explanation in a vacuum, but rather will consider the context surrounding [the] explanation." *Id*. (quoting *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006)) (original alterations and quotations omitted; altered to reflect relevant courts).

"In considering the [magistrate judge]'s application of the guidelines, we review factual findings for clear error and legal conclusions de novo." *Id*. (citing *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006)).

## II. ANALYSIS

The question before the Court is whether the magistrate judge's imposition of a $250 fine was reasonable. Though not presented in the context of this "reasonableness" standard, Defendant's argument is that the magistrate judge erred by applying the Virginia DUI Statute's mandatory minimum fine without first considering the factors set forth in 18 U.S.C. § 3572(a). Appeal Br. 1, ECF No. 19. As explained at length below, the Court disagrees, finding instead that the Defendant "misreads the command of the Assimilative Crimes Act and its role in federal sentencing." *Finley*, 531 F.3d at 295.

3

A.      **Review of the Assimilative Crimes Act**

The Assimilative Crimes Act ("ACA") provides, in relevant part:

> Whoever within or upon [federal property] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). "'Like punishment,' as used in the [ACA], does not require that the punishment be identical [to what would be imposed in state court] but only that sentences in federal court for assimilated crimes 'fall within the minimum and maximum terms established by state law.'" *United States v. Finley*, 531 F.3d 288, 295 (4th Cir. 2008) (quoting *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990)). "Thus when 18 U.S.C. § 13 assimilates state crimes, it not only incorporates the definition of criminal conduct but also 'subjects' the defendant to the sentencing range imposed by the state for the conduct." *Id*. "Within that range, federal courts have discretion in imposing sentences as regulated by federal law." *Id*. In other words, "even though the range of sentence for an assimilated crime is derived from state law, sentencing itself is conducted under federal law." *Id*. at 291.

The foregoing is subject to "one important caveat," however. *United States v. Mason*, 2009 WL 144999, at *2, n.2 (E.D. Va. Jan. 16, 2009). "Namely, courts have consistently declined to assimilate certain provisions of state law if the relevant state law provision conflicts with federal sentencing policy." *Id*. at *4 (citing *United States v. Kelly*, 989 F.2d 162, 164 (4th Cir. 1993). "In such situations, the district court may decline to assimilate the state's maximum or minimum sentence during sentencing." *Id*.; *see also United States v. Pierce*, 75 F.3d 173, 176–77 (4th Cir. 1996) ("[W]hile a federal court acting pursuant to the ACA is restricted by state law, it will not assimilate a state sentencing provision that conflicts with federal sentencing policy.").

### B.     Application of the ACA

As noted above, when assessing a sentence under the ACA, a court must first determine the established statutory parameters for the sentence. *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990). Then, after the applicable statutory parameters have been defined, the court should apply federal sentencing policy to determine the proper sentence within those parameters. *United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996); *Young*, 916 F.2d at 150.

In the present case, Defendant pled guilty to driving under the influence of alcohol, in violation of Virginia Code § 18.2-266. Mag. Mem. Op. 1, ECF No. 13. This offense is punishable in state court by up to 12 months in jail and a maximum $2,500 fine. Va. Code Ann. §§ 18.2-11(a), 18.2-270(A). Virginia law also imposes a mandatory minimum fine of $250 for any first offense of the Virginia DUI Statute. Va. Code Ann. § 18.2-270(A). Thus, under state law, Defendant faced sentencing parameters of zero to twelve months in jail and a $250 – $2,500 fine.

As recited previously, the parties agreed in court that, as a Virginia Class 1 misdemeanor, this offense is governed by federal Class A misdemeanor Sentencing Guidelines. These Guidelines provide for maximum penalties of up to twelve months imprisonment, a $100,000 fine, one year of supervised release, and five years of probation. And, calculating based a total offense level of 4 and criminal history category of 1, pursuant to U.S.S.G. § 2X5.2, the parties agreed to an advisory Guidelines Range of zero to six months imprisonment, $500 – $9,500 fine, and zero to twelve months of supervised release. Although this Range called for a low-end fine of $500, the Court instead imposed Virginia's $250 mandatory minimum fine based on Defendant's financial resources and inability to pay. Mag. Mem. Op. 3; *see also* Statement of Reasons (SEALED), ECF No. 8.

C. **Policy Conflicts and Selective Assimilation**

Defendant argues that the foregoing calculus and resulting fine is incomplete and in error, because of the policy conflict between Virginia and federal law. Specifically, Defendant argues that the Court should not have assimilated the mandatory minimum fine from Virginia law, because state law "contains no provision allowing a sentencing court to assess a defendant's ability to pay a fine before determining *whether* to impose a fine." Appeal Br. 10–11. In contrast, the federal Sentencing Guidelines *require* courts to consider certain factors when deciding whether to impose a fine. *Id*. at 7; *see also* 18 U.S.C. § 3572(a) (setting forth eight specific factors courts "shall" consider "[i]n determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine"). Defendant asserts that this conflict qualifies for an "exception to the rule against selective incorporation," *Kelly*, 989 F.2d at 164, and thus "the mandatory fine aspect of Va. Code § 18.2-270 cannot be assimilated under the ACA." Appeal Br. 11. The Court respectfully disagrees.

Multiple courts in this Circuit have considered the issue of selective assimilation under the ACA. *See United States v. Mason*, 2009 U.S. Dist. LEXIS 3225 at *10 (E.D. Va. Jan. 15, 2009) (finding no policy conflict and assimilating state mandatory minimum sentence); *United States v. Clark*, 361 F. Supp. 2d 502, 508 (E.D. Va. 2005) (same); *United States v. Pierce*, 75 F.3d 173, 176 (4th Cir. 1996) (rejecting defendant's argument that a term of supervised release should be included in the calculation of the maximum term of imprisonment and thus subject to the state mandatory maximum, because finding otherwise would conflict with federal sentencing policy concerning supervised release); *United States v. Kelly*, 989 F.2d 162, 163 (4th Cir. 1993) (declining to assimilate state mandatory maximum sentence that conflicted with the important federal policy of "need[ing] to promote efficiency in our federal criminal process by permitting offenses of the

6

type herein involved to be tried by a Magistrate Judge," given that the maximum sentence (eighteen months imprisonment) falls outside a magistrate judge's jurisdiction). The analytical framework followed in each case is similar: first the courts determined the applicable state sentencing parameters, then they considered whether the outcome dictated by the state parameters would pose a conflict[3] with federal law or sentencing policy. *See, e.g.*, *Mason*, 2009 U.S. Dist. LEXIS 3225 at *8–11. The Court finds this analytical framework to be sound.

Here, Defendant argues that a policy conflict exists *if* the Court does not first consider the factors in 18 U.S.C. § 3572, before applying the state mandatory minimum fine. *See* Reply Supp. Mot. Modify Sentence 5, ECF No. 12 ("Ms. Ruiz's position is not that the Court cannot comply with the mandatory minimum fine in Virginia Code § 18.2-270. Rather, Ms. Ruiz's position is that before this Court can impose any fine in this case (or in any case), the Court must comply with . . . 18 U.S.C. § 3572(a)."). In other words, Defendant is not challenging the specific mandatory minimum fine applicable to first-time violations of Va. Code § 18.2-266, but instead is challenging the very concept of a mandatory minimum fine. In making this argument, Defendant relies primarily on the Fourth Circuit's *Kelly* opinion, 989 F.2d 162 (4th Cir. 1993), as well as the Supreme Court opinion *Lewis v. United States*, 523 U.S. 155 (1998). *See* Appeal Br. 4–6; Reply 4–5, ECF No. 22. The Court does not find these opinions to be dispositive of the issue at hand.

In *Kelly*, the Fourth Circuit recognized that "the exception to the rule against selective incorporation" applies where the would-be assimilated state law conflicts with federal law, and that this exception exists because of "the need to promote federal policy." 989 F.2d at 164. In that case, the federal policy at risk was the "the need to promote the efficiency of our federal criminal

---

[3] The Government and Defendant disagree over whether the standard is "conflict" or "direct[ly] conflict." *See* Reply 2–4, ECF No. 22. Because the Court finds that no conflict exists here, direct or otherwise, the Court applies the more general "conflict" standard in its analysis.

process by permitting [misdemeanors] to be tried by a Magistrate Judge and by not requiring all such offenses to be tried before a federal District Judge." *Id*. The Fourth Circuit found that the maximum penalty provided by the state law at issue—eighteen months imprisonment—could not be assimilated because doing so would take the case outside the jurisdiction conferred upon magistrate judges by Congress, which would, in turn, obviate the federal policy demonstrated by such delegation, i.e., the need for judicial efficiency. *Id*.

The Court does not find *Kelly* to be applicable or analogous to the present case. Neither the underlying criminal violation nor the applicable state penalties are the same from that case to the case at hand. Moreover, Defendant in no way suggests that application of the minimum and maximum state penalties here would implicate the need to promote the efficiency of our criminal processes. Thus, while the Court acknowledges that *Kelly* is good law, it does not find the case to control the current analysis for anything but the proposition that a policy conflict carve-out exists.

In *Lewis*, the Supreme Court established a two-part test for determining whether a gap exists in federal law for state law to fill pursuant to the ACA. 523 U.S. 155 (1998). Part of that analysis involves asking:

> whether the federal statutes that apply . . . preclude application of the state law in question, say, because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute as issue.

*Id*. at 164. Based on this language, Defendant argues that the comprehensive scope of the U.S. Sentencing Guidelines and the Sentencing Reform Act, which expressly provide that persons sentenced pursuant to the ACA "shall be sentenced in accordance with" the Sentencing Reform Act (including § 3572(a)), means that Congress has clearly recognized a federal policy governing the imposition of criminal fines. Appeal Br. 7–10 (quoting 18 U.S.C. § 3551(a), Pub. L. 101-647,

8

§ 1602 (1990); *see also* Reply 5.  Contrary to these arguments, the Court is not persuaded that Lewis controls the present analysis.  In that case, the Supreme Court was only concerned with assimilation of state law *offenses* and how to determine whether "any enactment of Congress" left room for such assimilation.  *Lewis*, 523 U.S. at 159 ("The ACA applies state law to a defendant's acts or omissions that are 'not made punishable by *any enactment* of Congress.'  The basic question before us concerns the meaning of the italicized phrase." (quoting 18 U.S.C. § 13(a)) (internal citations omitted)).  As Defendant acknowledges, *Lewis* did not analyze the "like punishment" clause of the ACA or the question of when to only partially assimilate state law with respect to criminal sentencing provisions.  *See* Appeal Br. 5.  Additionally, Plaintiff's proposed application of *Lewis* ignores the fact that "Congress clearly recognized that both § 13(a) [the ACA] and § 3551(a) [as amended by the Sentencing Reform Act] are 'capable of co-existence,' [and thus] courts are obliged to regard 'each as effective.'"  *United States v. Harris*, 27 F.3d 111, 115 (4th Cir. 1994) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018, (1984)).  Thus, the Court declines to read § 3551(a) (incorporating § 3572(a)) as demonstrative, on its own, of a congressional intent to preclude any conflicting provisions of assimilated state law.  As such, the Court does not find *Lewis* to present the proper framework for assessing whether the state sentencing parameters applicable to Va. Code § 18.2-266 should be assimilated or, in the alternative, deemed precluded by federal policy.

Instead, the Court finds that the case of *United States v. Clark* provides a sound analytical framework for the issue at hand.  In *Clark*, the defendant was convicted of driving while intoxicated under a Virginia statute assimilated pursuant to the ACA.  *United States v. Clark*, 361 F. Supp. 2d 502, 503 (E.D. Va. 2005).  The offense carried a state mandatory minimum prison term of twenty days, which the presiding magistrate judge did not impose.  *Id*.  The government

9

appealed to the district court, on the grounds that the magistrate judge violated the law by not imposing the mandatory minimum sentence. *Id*. On appeal, Clark argued that federal courts have discretion not to impose mandatory sentences contained in assimilated state statutes, based on both the sentencing considerations provided in the Sentencing Guidelines and based on *Kelly*'s conflicting-policy carve-out. *Id*. at 506–07. The district court remanded the case for resentencing, finding that "the ACA's directive to impose a 'like punishment' requires a sentencing judge to comply with the mandatory minimum sentence imposed by an assimilated statute." *Id*. at 504–05.

In reaching this conclusion, the *Clark* court explicitly rejected the argument that "the 'like punishment' clause of the ACA affords federal courts discretion to disregard a mandatory minimum sentence contained in an assimilated statute in order to give effect to federal sentencing policy." *Id*. at 506. Clark had argued that 18 U.S.C. § 3551(a), which directs courts to consider specific sentencing factors found in § 3553(a),[4] "renders the minimum and mandatory sentences contained in assimilated statutes optional and directs judges to impose a sentence based on the above factors and other discernable federal sentencing policy." *Id*. The court disagreed, instead affirming that "[w]hether the sentence imposed . . . fulfills the sentencing objectives contained in 18 U.S.C. § 3553([a]) is only relevant after first ensuring that the sentence complies with the mandatory minimum contained in the assimilated state statute." *Id*. The court explained that "[t]he . . . Fourth Circuit has rejected the position that the mandatory consideration of the Guidelines affords federal courts the discretion to disregard mandatory minimum or maximum sentences, holding that, '[s]ince Congress clearly recognized that both § 13(a) and § 3551(a) are capable of co-existence, courts are obliged to regard each as effective.'" *Id*. at 506–07 (quoting *Harris*, 27

---

[4] The *Clark* opinion repeatedly cites to 18 U.S.C. § 3553(b), but the Court has reviewed the legislative history of this code section and it does not appear that the language quoted in *Clark* ever appeared in subsection (b), and it has instead always been located in subsection (a). Thus, the Court cites to § 3553(a), and corrects quotations from *Clark* accordingly.

F.3d at 115). Thus, the court held, "[a] sentencing judge should consider the criteria set forth in § 3553([a]), but only after adhering to the mandatory minimum sentence required by the assimilated state statute." *Id*. at 507. The court went on to likewise reject Clark's *Kelly*-based argument, finding that *Kelly* did not establish any sort of blanket rule that federal courts may disregard assimilated mandatory sentencing parameters. *Id*. In doing so, the Court found that

> Clark has not pointed to a single federal policy that Virginia's driving while intoxicated offense and its associated penalties conflict with. There is no justification for casting aside the mandatory minimum sentence prescribed by Virginia law. Clark is therefore subject to the mandatory minimum sentence of twenty days imprisonment as required by Va. Code § 18.2–270(B)(2).

*Id*. In making this pronouncement, the court clearly found that 18 U.S.C. §§ 3551(a) and 3553(a) did not constitute freestanding federal policy, for purposes of the conflict analysis.

Like the defendant in *Clark*, Ms. Ruiz here asks the Court to disregard Virginia's mandatory minimum sentence for first-time DUI offenses in order to give effect to federal sentencing policy, specifically 18 U.S.C. § 3572(a). As made clear by Defendant's briefing, her challenge is not so much against the specific state offense and associated mandatory minimum sentence at issue in this case as it is against the entire concept of mandatory minimum fines. Reply Supp. Mot. Modify Sentence 5 ("Ms. Ruiz's position is that before this Court can impose any fine in this case (*or in any case*), the Court must comply with its obligations set forth in 18 U.S.C. § 3572(a). If the Court finds after considering the factors set forth in 18 U.S.C. § 3572(a) that the Court can impose a fine, the Virginia's statutory minimum fine of $250 is back in play." (emphasis added)). Defendant argues that the automatic imposition of a mandatory fine conflicts with "the uniform federal policy on imposing fines to avoid . . . unconstitutional burdens and also to facilitate collecting fines tailored to individual circumstances." Appeal Br. 11. But again, this is not a challenge to the specific, assimilated statute at issue and its associated penalties—it is instead a challenge to the entire, well-established framework of the ACA, i.e., that Courts should first

11

determine the minimum and maximum terms established by state law and only then "apply the Sentencing Guidelines *to the extent possible.*" *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990) (emphasis added).

The Court does not find Defendant's policy argument to be sufficient "justification for casting aside the mandatory minimum sentence prescribed by Virginia law," *Clark*, 361 F. Supp. 2d at 507, as doing so would undermine the very "purpose underlying the ACA": ensuring that offenses assimilated under the ACA are "punishable only in the way and to the extent that [they] would have been punishable" if the Defendant had been prosecuted in state court. *United States v. Peebles*, 375 F. App'x 288, 291–92 (4th Cir. 2010) (quoting *United States v. Press Publ'g Co.*, 219 U.S. 1, 9–10 (1911)). The Fourth Circuit in *Peebles* interpreted this quoted language as evidence of "the Supreme Court ma[king] clear that the ACA [and by incorporation, federal sentencing policy] was never supposed to displace the outer limits on sentencing discretion imposed by state law." 375 F. App'x at 292. To that effect, "[Fourth] [C]ircuit precedent makes plain that the Guidelines by no means trump the ACA's 'like punishment' requirement." *Id*. at 292, n.2 (citing *United States v. Young*, 916 F.2d 147, 150 (4th Cir. 1990)). Without any indication from the Fourth Circuit or other higher court that the purported federal policy effectuated by § 3572(a) indeed trumps every state criminal statute's mandatory minimum fine provision, the Court declines to *sua sponte* initiate such a sea change in the application of the ACA at sentencing. *Cf. United States v. Mason*, 2009 U.S. Dist. LEXIS 3225 at *10 (E.D. Va. Jan. 15, 2009) ("The areas which have been found to conflict with federal policy so as not to warrant assimilation have, for the most part, involved matters pertaining to parole, probation, good time credits, and special assessment." (quoting *United States v. Collins*, 2006 U.S. Dist. LEXIS 3991 at *13, n.4 (E.D. Va. Jan. 31, 2006) (listing cases)).

The Court finds further support for its position in district court cases from this Circuit that have applied the mandatory minimum fine established by state law, without identifying any conflict with federal sentencing policy, as well as a Tenth Circuit case wherein the court held that state law—not federal sentencing policy—should define available ranges for fines when sentencing pursuant to the ACA.

In *United States v. Montigue*, the district court recognized that "when a state sentencing law calls for a mandatory minimum sentence, [federal courts applying the ACA] must impose that mandatory minimum." 357 F. Supp. 2d 939, 941 (E.D. Va. 2005) (citing *Harris*, 27 F.3d at 115). The court accordingly applied the state-prescribed mandatory minimum fines associated with the underlying state criminal violations. *Id*. at 940–41. Though Defendant challenges the precedential value of *Montigue* on the basis that it did not address the specific policy-conflict question presented here, *see* Reply 6, the Court notes that the *Montigue* court was not ignorant of the caveat that where state law conflicts with federal policy, federal courts need not adopt those provisions. *See Montigue*, 357 F. Supp. 2d at 942 (citing *Kelly*, 989 F.2d at 164; *United States v. Teran*, 98 F.3d 831, 834 (5th Cir. 1996)). This is evidenced in the district court's consideration of federal policy implications when determining the duration and nature of the defendant's sentence of confinement. *Id*. at 942–43.

Even more tellingly, in *United States v. Jacobs*, the district court found that it was plain error for the magistrate judge to have failed to impose the mandatory minimum fine established by state law. 815 F. Supp. 898, 902 (D.S.C. 1993) ("*Young* clearly holds that a sentence imposed for the violation of a crime encompassed by the Assimilative Crimes Act must fall within the minimum and maximum sentence imposed by state law.") And while Defendant similarly challenges the precedential value of *Jacobs* due to the court therein not having "discuss[ed]

13

Congressional intent to occupy the field of fines in federal court through the Sentencing Reform Act or how the relevant state sentencing policy . . . conflicted with federal sentencing policy," Reply 6, the Court finds that such challenge is even more unavailing than in the context of *Montigue*. The magistrate judge who presided over sentencing in *Jacobs* explicitly stated that his decision not to impose the relevant mandatory minimum fine was based on the notion that mandatory minimum fines are "completely incongruous with the – the [sic] provisions of the Sentencing Reform Act that specifically state if [sic] you've got to take into consideration one's ability to pay a fine in order to impose one, then I feel like we should be more guided by the federal regulations . . . ." *Jacobs*, 815 F. Supp. at 902 (quoting Sentencing Tr.). Accordingly, the question of conflict between state law mandatory fines and federal sentencing policy concerning ability-to-pay-based imposition of fines was clearly at the forefront of the issue on appeal in *Jacobs*; despite this, the district court definitively found that "[the] decision to impose no fine [was] improper in light of *Young*." *Id*. at 903.

Finally, in *United States v. Chapman*, the Fifth Circuit affirmed a district court ruling that "the ACA required that [state], rather than federal, law provided the available range of probation and fines." 839 F.3d 1232, 1241 (10th Cir. 2016). In that case, the government appealed the district court's imposition of a fine at the state law maximum value, when federal law permitted a significantly higher fine. *Id*. Specifically, the government argued that 18 U.S.C. § 3551(a), incorporating § 3553(a) factors, "requires sentencing courts to apply federal rather than state statutes to determine and ACA offender's probation and fine ranges." *Id*. at 1242. Rejecting the government's challenge, the Tenth Circuit definitively stated that "there is no directive that § 3551(a) . . . requires a court sentencing an ACA offender to look to federal, rather than state law, to impose a fine or probation." *Id*. In furtherance of this conclusion, the Tenth Circuit

acknowledged the role federal policy may have in precluding assimilation of state law, if applying such state law "violates federal penal policy." *Id*. at 1243. Having acknowledged this, however, the Tenth Circuit identified no policy that supported the assertion that "look[ing] to state law to set the range for probation and fines was contrary to federal penal policy." *Id*. Accordingly, the court reaffirmed once again that "a federal sentencing court imposing a fine . . . is limited to any state limits applicable to the crime of conviction." *Id*.

On the basis of the foregoing analysis and bolstered by the related findings of the *Montigue*, *Jacobs*, and *Chapman* courts, the Court finds that federal sentencing policy does not conflict with Virginia law mandating a minimum fine for first-time offenses of the Virginia DUI Statute, and thus it does not "displace the outer limits on sentencing discretion imposed by state law." *Peebles*, 375 F. App'x at 292.

D.   **Reasonableness of the Magistrate Judge's Judgement**

Having determined that selective assimilation of the Virginia DUI Statute's penalty provisions is not appropriate here, and thus that the magistrate judge properly approached sentencing by first determining the state penalty parameters and then by applying the Sentencing Guidelines within that range, the Court finally turns to its reasonableness review of the sentence imposed.

As recited previously, "[i]n determining procedural reasonableness, we must assess whether the [magistrate judge] failed to consider the § 3553(a) factors and any arguments presented by the parties, selected a sentence based on 'clearly erroneous facts,' or failed to sufficiently explain the sentence." *United States v. Goode*, 309 F. App'x 693, 695 (4th Cir. 2009) (citing *Gall*, 128 S. Ct. at 597; *Pauley*, 511 F.3d at 473). Here, the magistrate judge considered the § 3553(a) factors and pronounced a sentence from the bench based on those factors. She further considered

arguments from the parties—both orally and in briefing form on the Motion to Reconsider Judgment—and engaged with those arguments in her pronounced sentence and the subsequent Memorandum Opinion denying Defendant's Motion to Modify Sentence. Most notably, she in fact did consider Defendant's limited financial resources and inability to pay, and on that basis she imposed a fine *below* the calculated Guidelines Range. Mem. Op. 3; *see also* Statement of Reasons (SEALED), ECF No. 8. Moreover, when pronouncing the sentence, the magistrate judge provided Defendant until the end of the imposed probationary period to pay the $250 fine, again out of consideration for Defendant's financial situation. Finally, nothing in the record suggests that the magistrate judge based the final sentence on clearly erroneous facts or failed to sufficiently explain the sentence. Thus, based on the *Gall* factors, the sentence does not appear to be unreasonable.

Turning to the substantive prong of the analysis, the Court finds nothing to suggest that the magistrate judge imposed an unreasonable sentence in light of "the totality of the circumstances." *Goode*, 309 F. App'x at 695. From the bench, the magistrate judge expressed that she found the nature and circumstances of the offense "concerning," and she admonished the Defendant that she was receiving a break by not receiving any jail time. And, as stated immediately above, the magistrate judge did take into account Defendant's financial situation when she imposed a below-guideline fine and provided Defendant with a full twelve months to pay the amount. Finally, the court considers the fact that, had Defendant not been driving in a federal enclave (Fort Lee), she would certainly face the mandatory minimum fine. *See Finley*, 531 F.3d at 296 ("The fact that [the defendant] entered a federal enclave does not by itself render his sentence unreasonable when the sentence was well within, indeed below the midpoint of, the range of punishment authorized by state law."). In light of these combined circumstances, the Court concludes that the $250 fine was substantively reasonable. Consequently, having satisfied both the procedural and substantive

prongs of the analysis, the Court concludes that the $250 fine imposed by the magistrate judge was reasonable.

### III. CONCLUSION

Having determined that the magistrate judge did not err as a matter of law in fully assimilating the Virginia DUI Statute and its related penalties, and concurrently finding that the pronounced sentence was neither procedurally erroneous nor substantively unreasonable, the Court holds that the Defendant's sentence was reasonable and thus affirms the sentence.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 18, 2023
Richmond, VA